**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TZIREL MALKIN, on behalf of herself and on behalf of other similarly situated individuals,<br><br>*Plaintiffs*,<br><br>vs.<br><br>PROUD MOMENTS LICENSED BEHAVIOR ANALYSTS, PLLC D/B/A PROUD MOMENTS ABA,<br><br>*Defendant*. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tzirel Malkin ("**Plaintiff**"), on behalf of herself and all other similarly situated individuals, by and through their undersigned counsel, as and for their Complaint in this action against Proud Moments Licensed Behavior Analysts, PLLC d/b/a Proud Moments ABA ("**Proud Moments**" or "**Defendant**"), hereby allege as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff Tzirel Malkin is a current employee of Proud Moments Licensed Behavior Analysts, PLLC (d/b/a Proud Moments ABA).

2.      Founded in May of 2014, Proud Moments operates a behavioral health organization that employs Behavior Analysts and Licensed Behavior Analysts in at least ten (10) states, including New York, to work with autistic children either at home, school or onsite in a Proud Moments facility.

3.      Proud Moments currently ranks in the top third fastest growing companies on the annual Inc. 5000 list but has only been able to obtain that ranking and such incredible growth by engaging in consistent illegal wage and hour practices.

4.      As particularized below, Defendant has engaged in illegal and improper wage practices that have deprived Plaintiff and its non-exempt hourly employees of millions of dollars in unpaid wages and overtime compensation.

5.      During her employment with Defendant, Plaintiff has worked as a Licensed Behavioral Analyst ("**LBA**") as a non-exempt hourly employee.

6.      At all times relevant to this Complaint, Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

7.      Rather, when Defendant would pay Plaintiff for her overtime hours, Defendant would just pay Plaintiff at her regular hourly rate for all hours worked in excess of forty (40) hours for the weeks as opposed to her overtime rate of one and one-half times her regularly hourly rate for her overtime. Defendant therefore repeatedly shorted Plaintiff the overtime premium due for the overtime hours that she worked.

8.      Defendant also failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for all of her hours worked.

9.      Furthermore, on numerous occasions, Plaintiff worked for Defendant and submitted her hours worked for payment but was not paid for all the hours that she worked. In fact, in one month, Defendant failed to pay Plaintiff at all for any of the hours that she worked and submitted to Defendant. Rather, Defendant affirmatively refused to pay Plaintiff for all the hours that she worked because, allegedly, Defendant would not be "reimbursed" or paid by an insurance company for such hours.

10.     Defendant's conduct described herein extended beyond Plaintiff to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring not only Plaintiff, but its other non-exempt employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

12.     At all times relevant to this Complaint, Defendant also maintained a policy and practice of not paying Plaintiff as well as its other non-exempt employees for all their hours worked as required by federal and state law and regulations.

13.     Plaintiff now brings this action on behalf of herself, and other similarly situated non-exempt employees, for violations of federal and state labor laws, including: (i) overtime wage violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("**FLSA**"), the New York Labor Law ("**NYLL**") §§190 *et seq.* and 650 *et seq.*, and the overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6; (ii) minimum wage violations under the FLSA and NYLL; (iii) failure to pay wages in accordance with agreed upon terms in violation of NYLL §191 *et seq.*; (iv) failure to provide accurate wage statements and notices in violation of NYLL §195; and (v) all applicable liquidated damages, interest, attorneys' fees and costs under the FLSA and NYLL for the violations of those laws.

14.     Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of herself and on behalf of all other similarly-situated persons who are currently employed or were employed by Defendant as a non-exempt LBA, Certified Behavior Analyst Assistants ("**CBAAs**"), Registered Behavioral Technicians ("**RBTs**"), or in any other non-exempt positions ("**Non-Exempt Employees**") and class certification is sought for all Non-Exempt Employees who were (i) not fully compensated for all time worked over forty (40) hours in a workweek at their applicable overtime rate, (ii) not compensated for all hours worked and/or

work performed; and/or (iii) not paid at least the prevailing minimum wage for all hours worked, during the full statute of limitations period (i.e., Non-Exempt Employees who are or were employed by Defendant on or after the date that is three years before the filing of the complaint in this case) (the "**FLSA Collective Period**"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "**FLSA Collective**."

15.    Plaintiff's claims under the NYLL are brought as a class action and class certification is sought pursuant to Federal Rule of Civil Procedure Rule ("**FRCP**") 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendant as Non-Exempt Employees in the state of New York who: (i) were not fully compensated for all time worked over forty (40) hours in a workweek at their applicable overtime rate; (ii) were not paid at least the prevailing minimum wage for all hours worked; and (iii) were not compensated for all hours worked and/or work performed, for the full statute of limitations period (i.e., Non-Exempt Employees who are or were employed by Defendant in New York on or after the date that is six years before the filing of the complaint in this case)(the "**NYLL Class Period**"). Plaintiff and all other such similarly situated persons are jointly referred to herein as the "**NYLL Class**."

## JURISDICTION AND VENUE

16.    Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

17.    Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL because those claims derive from a common nucleus of operative fact.

18.     This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a proposed class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from the Defendants; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

19.     Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

20.     Plaintiff Tzirel Malkin is an adult resident of the State of New York and is presently employed by Proud Moments as a LBA. Plaintiff has been employed by Proud Moments as a LBA since October 2015. At all relevant times, Plaintiff was an "employee" within the meaning of all applicable statutes.

21.     Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and FRCP 23. Attached hereto as Exhibit A is a copy of Plaintiff's Opt-in form. As this case proceeds, it is likely that other individuals will sign consent forms to join as plaintiffs and opt-in.

22.     Upon information and belief, Defendant Proud Moments Licensed Behavior Analysts, PLLC, which does business as Proud Moments ABA, is a professional limited liability company organized and existing under the laws of the state of New York.

23.     Upon information and belief, Proud Moments maintains its principal place of business at 1449 37th Street, Brooklyn, New York 11218.

24.     At all relevant times, Proud Moments was an "employer" within the meaning of all applicable statutes (including the FLSA and NYLL), and an enterprise engaged in commerce as defined by §§203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

25.     In addition, upon information and belief, Defendant and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in Defendant's facilities on a daily basis are goods produced outside of the State of New York. Defendant also operates its business in approximately ten (10) different states.

26.     At all relevant times, Proud Moments was the employer of Plaintiff, the FLSA Collective and the NYLL Class. Defendant's compensation policies are centrally and collectively dictated, controlled, and ratified. As such, Defendant (i) had the power to hire and fire Plaintiff, the FLSA Collective and the NYLL Class, (ii) had the power to control wage policies and practices through Defendant's oversight of day-to-day operating procedures, (iii) controlled the terms and conditions of Plaintiff's, the FLSA Collective's and the NYLL Class' employment (including, but not limited to, their work schedules), (iv) determined the rate and method of any compensation received by Plaintiff, the FLSA Collective and the NYLL Class in exchange for their services, and (v) had the ability to control its record-keeping practices.

## **FACTUAL ALLEGATIONS**

### *Overtime*

27.     Defendant routinely failed to pay Plaintiff and the members of the FLSA Collective and NYLL Class for their overtime in violation of the overtime provisions of the FLSA and the NYLL.

28.     At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff and the members of the FLSA Collective and NYLL Class to work in excess of 40 hours a week without paying their appropriate overtime compensation as required by the FLSA and NYLL.

29.     By way of example, Plaintiff and the members of the FLSA Collective and NYLL Class would regularly work in excess of forty (40) hours per week. Defendant would then pay Plaintiff and the members of the FLSA Collective and NYLL Class at their regular hourly rate for all hours worked in excess of forty (40) hours for the weeks as opposed to their overtime rate of one and one-half times their regularly hourly rate for their overtime.

30.     Plaintiff, herself, was a victim of Defendant's common policy and practices which violated her rights under the FLSA and NYLL by, inter alia, not paying her the wages she was owed for the hours she worked.

31.     For instance, Plaintiff, who regularly worked in excess of forty (40) hours per week, was paid at an hourly rate of one hundred dollars ($100.00) per hour, which means she should have received one hundred and fifty dollars ($150.00) for each hour of overtime worked in excess of forty (40) hours per week. However, instead, Defendant only paid Plaintiff one hundred dollars ($100.00) for each hour of overtime worked in excess of forty (40) hours per week. As a result, Defendant failed to Plaintiff the additional overtime premium of fifty dollars ($50.00) per hour that she was entitled to receive by law for each hour of overtime worked in excess of forty (40) hours per week.

32.     As a further example, for a two-week period from May 1, 2020, through May 15, 2020, Plaintiff was paid for 130.00 hours of straight time at her hourly rate of $100.00. However, for the two-week period, Plaintiff could only have worked a maximum of 80 hours (i.e., 40 hours

per week) of straight time and anything above that amount should have been paid at Plaintiff's overtime rate. As such, Defendant failed to pay Plaintiff the overtime premium on at least fifty (50) hours of her time worked, which equates to at least $2,500.00 in unpaid overtime for just this one pay period alone.

33.     As we can see from the next two-week pay period from May 1, 2020, through May 15, 2020, the foregoing is not anomaly. During this pay period, Plaintiff was paid for 132.50 hours of straight time at her hourly rate of $100.00. However, as with the two-week period above, Plaintiff could only have worked a maximum of 80 hours (i.e., 40 hours per week) of straight time during this pay period and anything above that amount should have been paid at Plaintiff's overtime rate. As such, Defendant failed to pay Plaintiff the overtime premium on at least fifty (52.50) hours of her time worked, which equates to at least $2,625.00 in unpaid overtime for just this one pay period alone.

34.     Defendant's conduct described herein extended beyond Plaintiff to all other similarly situated employees in the FSLA Collective and NYLL Class.

35.     In fact, Defendant habitually required Plaintiff, the FLSA Collective and the NYLL Class to work more than forty (40) hours per week but did not provide them with the required overtime premium.

36.     Defendant also willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

37.     As a result, the foregoing resulted in Defendant repeatedly failing to pay Plaintiff and the members of the FLSA Collective and NYLL Class with the overtime premium that was due to them for the overtime hours that they worked each week.

38.     At all relevant times, Defendant was aware that nonpayment of the overtime would economically injure Plaintiff, the FLSA Collective and the NYLL Class, and violated federal and state laws.

39.     In fact, Defendant's unlawful conduct did cause significant damages to Plaintiff, the FLSA Collective and the NYLL Class.

40.     Defendant engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

41.     Defendant committed the foregoing acts against Plaintiff, the FLSA Collective and the NYLL Class knowingly, intentionally, willfully and in bad faith.

### *Off-Clock Violations*

42.     Defendant routinely failed to pay Plaintiff and the members of the FLSA Collective and NYLL Class for all hours worked, resulting in substantial unpaid, "off-the-clock" work performed by Plaintiff and members of the FLSA Collective and NYLL Class, in violation of NYLL §191 and applicable minimum wage payment requirements of the FLSA and NYLL.

43.     By way of example only, Plaintiff performed work for Defendant and submit her hours worked for payment but was not paid for all the hours that she worked even though they were properly submitted to Defendant.

44.     In fact, Defendant's behavior was so egregious that, in one month in particular, Defendant failed to pay Plaintiff for any of the work that she performed during that month.

45.     Rather than pay Plaintiff for all of the hours that she worked, Defendant refused to pay her for all her hours worked, because Defendant claimed that they would not be reimbursed by the insurance company for the hours that she worked.

46.     Defendant's conduct described herein above extended beyond Plaintiff to all other similarly situated employees in the FLSA Collective and NYLL Class.

47.     These and other practices resulted in substantial uncompensated, "off-the-clock" work performed by Plaintiff and members of the FLSA Collective and NYLL Class.

48.     This uncompensated, "off-the-clock" work also resulted in Plaintiff, the members of the FLSA Collective and NYLL Class not receiving (i) at least minimum wage compensation for all hours worked in violation of the applicable minimum wage payment requirements of the FLSA and NYLL or (ii) compensation at one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek in violation of the overtime provisions of the FLSA and the NYLL.

49.     At all relevant times, Defendant was aware that nonpayment of the overtime and straight-time wages would economically injure Plaintiff, the FLSA Collective and the NYLL Class, and violated federal and state laws.

50.     Defendant committed the foregoing acts against Plaintiff, the FLSA Collective and the NYLL Class knowingly, intentionally, and willfully.

### *FAILURE TO PROVIDE COMPLIANCE WAGE STATEMENTS AND NOTICES*

51.     As a result of the foregoing conduct, Defendant failed to provide Plaintiff, the FLSA Collective and the NYLL Class with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly

rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

52.     Defendant also failed to provide Plaintiff and the NYLL Class, both at the time of hiring and when they received a change in their hourly rate of pay, a statement in English and the NYLL Class' primary language, containing: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employers' main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by of their rate of pay, employer's regular pay day, and such other information at the commencement of their employment as required by NYLL §195(1).

### *FLSA COLLECTIVE ACTION ALLEGATIONS*

53.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

54.     Plaintiff brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §§ 207 and 216(b), on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendant as Non-Exempt Employees during the FLSA Collective Period.

55.     Excluded from the FLSA Collective are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Collective.

56.     At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements and pay provisions, were paid in the same manner and under the same common policies, programs, procedures, protocols, plans and practices, and were subject to Defendant's practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, failing to pay them proper overtime wages at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

57.     Furthermore, the claims of Plaintiff stated herein are similar to those of the other employees in the FLSA Collective.

58.     During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

59.     As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. §206 by not paying the FLSA Collective and Plaintiff the prevailing minimum wage for all hours worked, and 29 U.S.C. §207 by not paying the appropriate overtime wages for all hours worked in excess of forty (40) hours in a workweek.

60.     Defendant improperly benefited from Plaintiff and the FLSA Collective class members' uncompensated overtime and work.

61.     Defendant's violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

62.     As a result of Defendant's conduct, Defendant is liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wage, overtime wages owed, plus an

additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

63.    The exact number of the FLSA Collective is unknown to Plaintiff at the present time without discovery of Defendant's books and records, but Plaintiff, upon information and belief, estimates that there are at least one hundred (100) other similarly situated persons who were employed by Defendant as Non-Exempt Employees during the FLSA Collective Period.

64.    Plaintiff is currently unaware of the identities of the FLSA Collective. However, the similarly situated Non-Exempt Employees that are members of the FLSA Collective are known to Defendant and are readily identifiable through Defendant's records. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons employed by Defendant as Non-Exempt Employees during the FLSA Collective Period, along with their last known addresses, telephone numbers and email addresses, so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

### *RULE 23 CLASS ACTION ALLEGATIONS*

65.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

66.    Plaintiff brings her NYLL minimum wage, overtime compensation, failure to pay wages, failure to provide accurate wage statements and notices, and liquidated damages claims as a class action pursuant to Article 9 of New York Civil Practice Law and Rules and FRCP 23 on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendant as Non-Exempt Employees who were: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid proper overtime wages for all hours worked in excess of forty (40) hours each workweek; and (iii) not paid wages for all hours worked.

67.    Excluded from the NYLL Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the NYLL Class.

68.    The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class were paid in the same common policies, programs, procedures, protocols, plans and practices as Plaintiff.

69.    The NYLL Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendant, including not paying the prevailing minimum wage for all hours worked, not paying proper overtime wages for all hours worked in excess of forty (40) hours each workweek, not paying wages for all hours worked, and not providing accurate wage statements.

70.    During the NYLL Class Period, Defendant was fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL and/or its regulations.

71.    As a result of Defendant's conduct as alleged herein, Defendant violated the NYLL and/or its regulations. Defendant's violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the NYLL Class.

72.    As a result of Defendant's conduct, Defendant is liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wages, unpaid overtime wages, and the straight time wages owed, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

73.    Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on her individually and on members of the NYLL Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendant.

74.    Plaintiff's claims raise questions of law and fact common to the NYLL Class. Among these questions are:

a.    Whether Defendant employed Plaintiff and the NYLL Class members within the meaning of the NYLL;

b.    Whether Defendant failed and/or refused to pay Plaintiff and the NYLL Class for all of the compensable time that they worked for Defendant during the NYLL Class Period;

c.    Whether Defendant failed and/or refused to pay Plaintiff and the NYLL Class members the federal and state minimum wage for all hours worked during the NYLL Class Period;

d.    Whether Defendant's failure to pay the prevailing minimum wage to Plaintiff and the NYLL Class constitutes a violation of NYLL §650 *et seq*.;

e.    Whether Defendant failed or refused to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all

hours worked in excess of 40 hours per workweek during the NYLL Class Period;

f.    Whether Defendant correctly compensated members of the NYLL Class for all uncompensated straight time hours worked under 40 hours per workweek during the NYLL Class Period;

g.    Whether Defendant's failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment constitutes a violation of NYLL §191;

h.    Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the NYLL Class as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

i.    Whether Defendant failed to provide Plaintiff and the NYLL Class with appropriate and accurate pay rate acknowledgement forms as well as complaint wage statements as required by NYLL §195;

j.    Whether Defendant failed to comply with the posting and notice requirements of the NYLL;

k.    Whether Defendant engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiff and NYLL Class members to perform work for Defendant's benefit which was not compensated;

l.    Whether Defendant's violations of the NYLL and/or its regulations were willful or with reckless disregard for the law; and

m.    The nature and extent of class-wide injury and the measure of damages for those injuries.

75.    These common questions of law and fact arise from the same course of events, and each NYLL Class member will make similar legal and factual arguments to prove liability.

76.    Plaintiff is a member of the NYLL Class that she seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

77.    Plaintiff's interests are co-extensive with those of the NYLL Class that she seeks to represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and her counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

78.    Defendant has acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

79.    Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class's entitlement to monetary and nonmonetary remedies to be determined at a later stage of the proceedings.

80.    The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

81.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

82.    The cost of proving Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendant's liability.

83.    The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are well over one hundred (100) similarly situated persons who were/are employed by Defendant as Non-Exempt Employees during the NYLL Class Period.

84.    Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the NYLL Class.

85.    Plaintiff is currently unaware of the identities of the NYLL Class. However, the similarly situated Non-Exempt Employees that are members of the NYLL Class are known to Defendant and are readily identifiable through Defendant's records.

86.      Plaintiff intends to send notice to all members of the NYLL Class to the extent required by New York C.P.L.R. § 904. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons employed by Defendant as Non-Exempt Employees during the NYLL Class Period, along with their last known addresses, telephone numbers and email addresses, so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Violations)

(On Behalf of Plaintiff and the FLSA Collective)

87.      Plaintiff, on behalf of herself and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

88.      At all times relevant to this action, Defendant was Plaintiff's and the FLSA Collective's employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendant had the power to hire and fire Plaintiff and the FLSA Collective members, controlled the terms and conditions of their employment, and determined their rate and method of any compensation in exchange for their employment.

89.      At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

90.      Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.      29 U.S.C. § 206(a) requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the FLSA

Collective were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the FLSA.

92.     29 U.S.C. § 218(a) provides further that a covered employed, such as Defendant, must pay its employees the state minimum wage if it exceeds the federal minimum wage.

93.     During the FLSA Collective Period, Defendant did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked.

94.     As a result of Defendant's failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendant violated 29 U.S.C. § 206(a) and the FLSA, 29 U.S.C. § 201, *et seq*.

95.     The foregoing conduct of Defendant constitutes willful violations within the meaning of 29 U.S.C. § 255(a) of the FLSA.

96.     Defendant's violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, interest, and such other legal and equitable relief as the Court deems just and proper.

97.     Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

(FLSA Overtime Violations)

(On Behalf of Plaintiff and the FLSA Collective)

98.     Plaintiff, on behalf of herself and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

99.    At all times relevant to this action, Defendant was Plaintiff's and the FLSA Collective's employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendant had the power to hire and fire Plaintiff and the FLSA Collective members, controlled the terms and conditions of their employment, and determined their rate and method of any compensation in exchange for their employment.

100.    At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

101.    Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

102.    Throughout the FLSA Collective Period, Plaintiff and the other members of the FLSA Collective regularly worked and continue to work in excess of forty (40) hours per workweek.

103.    At all relevant times, Defendant operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective at one and one-half times their hourly wage for all work in excess of forty (40) hours per workweek.

104.    At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff and the FLSA Collective at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek in violation of 29 U.S.C. § 207(a)(1) and the FLSA, 29 U.S.C. § 201, *et seq*.

105.    The foregoing conduct of Defendant constitutes willful violations within the meaning of 29 U.S.C. § 255(a) of the FLSA.

106.     As a result of Defendant's FLSA violations, Plaintiff and the members of the FLSA Collective are entitled to recover damages in the amount of their respective unpaid overtime compensation, an additional equal amount in liquidated damages, interest, and such other legal and equitable relief as the Court deems just and proper.

107.     Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF

(NYLL Minimum Wage Violations)

(On Behalf of Plaintiff and the NYLL Class)

108.     Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

109.     At all times relevant to this action, Defendant was Plaintiff's and the NYLL Class' employer within the meaning of the NYLL §§2 and 651. Defendant had the power to hire and fire Plaintiff and the NYLL Class members, controlled the terms and conditions of their employment, and determined their rate and method of any compensation in exchange for their employment.

110.     The NYLL requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the NYLL Class were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the NYLL.

111.     During the NYLL Class Period, Defendant did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendant.

112.     As a result of Defendant's failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendant violated NYLL §650 *et seq*.

113.     The foregoing conduct of Defendant constitutes willful violations of the NYLL.

114.     Defendant's violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and interest.

## FOURTH CLAIM FOR RELIEF

(NYLL – Nonpayment and Failure to Pay Wages)

(On Behalf of Plaintiff and the NYLL Class)

115.      Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

116.     Pursuant to NYLL §§ 190, 191, 193, 198 and 652, Defendant has willfully failed to pay the straight wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the NYLL Class in violation of New York Labor Law §§ 190, 191, 193, 198 and 652 and 12 N.Y.C.R.R. 142-2.1 and 142-2.2.

117.     NYLL §191 *et seq*. specifically requires covered employers, such as Defendant, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment. Plaintiff and the NYLL Class were not exempt from the requirement that Defendant pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

118.     Defendant was not and is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the NYLL Class' wages that concern this lawsuit.

119.     Defendants was not authorized by Plaintiff or any NYLL Class members to withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

120.     Pursuant to New York Labor Law § 198, employers such as Defendant who intentionally fail to pay a Non-Exempt Employee wages in conformance with NYLL shall be liable to the Non-Exempt Employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

121.     Defendant has violated the NYLL by failing to pay Plaintiff and the members of the NYLL Class for all compensable time and by failing to pay Plaintiff and the members of the NYLL Class for the straight time worked at the established rate during the NYLL Class Period.

122.     Defendant has also violated the NYLL by failing to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment during the NYLL Class Period.

123.     The foregoing conduct of Defendant constitutes willful violations of the NYLL.

124.     Defendant's violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and interest

125.     Plaintiff, on behalf of herself and the NYLL Class, seeks the amount of underpayments based on Defendant's failure to pay straight wages of at least the minimum wage for all hours worked and re-judgement as well as post-judgment interest as provided by the NYLL Law, and such other legal and equitable relief as the Court deems just and proper.

126.     Plaintiff, on behalf of herself and the New York Class, also seeks all liquidated and punitive damages and penalties as well as attorneys' fees and costs available under the NYLL.

**FIFTH CLAIM FOR RELIEF**

(NYLL Overtime Violations)

(On Behalf of Plaintiff and the NYLL Class)

127.    Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

128.    At all times relevant to this action, Defendant was Plaintiff's and the NYLL Class' employer within the meaning of the NYLL §§2 and 651. Defendant had the power to hire and fire Plaintiff and the NYLL Class members, controlled the terms and conditions of their employment, and determined their rate and method of any compensation in exchange for their employment.

129.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 142-2.1 and 142-2.2 apply to Defendant and protect Plaintiff and the members of the NYLL Class.

130.    Throughout the NYLL Period, Plaintiff and the other members of the NYLL Class regularly worked and continue to work in excess of forty (40) hours per workweek.

131.    At all relevant times, Defendant operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and the NYLL Class at one and one-half times their hourly wage for all work in excess of forty (40) hours per workweek.

132.    At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff and the NYLL Class at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek in violation of N.Y. Lab. Law §190 *et seq*.

133.    By Defendant's knowing and/or intentional failure to pay Plaintiff and the members of the NYLL Class overtime wages for hours worked in excess of forty hours per week, they have willfully violated NYLL Article 19, §§ 650 *et. seq*., and the supporting New York State Department of Labor Regulations.

134.     Due to Defendant's NYLL violations, Plaintiff and the members of the NYLL Class are entitled to recover from Defendant damages in the amount of their respective unpaid overtime compensation, reasonable attorneys' fees and costs, and pre-judgement as well as post-judgment interest.

135.     Plaintiff, on behalf of herself and the NYLL Class seeks all liquidated and punitive damages and penalties available under the NYLL.

### SIXTH CLAIM FOR RELIEF

(Failure to Furnish Accurate Wage Statements in Violation of NYLL §195)

(On Behalf of Plaintiff and the NYLL Class)

136.     Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

137.     NYLL §195(3) requires covered employers, such as Defendant, to furnish an accurate wage statement to its employees with every payment of wages containing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked. Plaintiff and the NYLL Class were not exempt from this requirement.

138.     During the NYLL Class Period, Defendant failed to furnish accurate wage statements to Plaintiff and the NYLL Class, in violation of NYLL §195(3) by, inter alia, providing wage statements that inaccurately recorded hours worked and/or wages earned.

139.    As a result, the wage statements furnished by Defendant to Plaintiff and the members of the NYLL Class contained inaccurate information with respect to wages purportedly paid and hours worked.

140.    Defendant's violation of NYLL §195(3) has significantly damaged Plaintiff and the NYLL Class and entitles Plaintiff and each member of the NYLL Class to recover statutory damages in the amount of $5,000.00 each, together with attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)

(On Behalf of Plaintiff and the NYLL Class)

141.    Plaintiff, on behalf of herself and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

142.    NYLL §195(1) requires covered employers, such as Defendant, to provide employees, including Plaintiff and the NYLL Class members, with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

143.    During the NYLL Class Period, Defendant failed to furnish accurate wage notices to Plaintiff and the NYLL Class, in violation of NYLL §195(1).

144.    The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

145.    Defendant's violation of NYLL §195(1) has significantly damaged Plaintiff and the NYLL Class and entitles Plaintiff and each member of the NYLL Class to recover statutory damages in the amount of $5,000.00 each, together with attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself, the FLSA Collective and the NYLL Class, respectfully request that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.    Designating this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims) and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by promptly filing individual consents to be a Plaintiff in the FLSA claims in this action pursuant to 29 U.S.C. § 216(b);

C.    Direct Defendant to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.    Designate Plaintiff as the representative of the FLSA Collective class;

E.    Appointment of Plaintiff's counsel as lead counsel for the FLSA Collective class;

F.    Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendant's violations of the FLSA, and award those damages, according to proof,

against Defendant and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

G.    Declare that Defendant's violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Collective members;

H.    Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) because Defendant's violations were willful and/or without a good faith basis;

I.    Certify and declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23.

J.    Direct Defendant to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

K.    Designate Plaintiff as representative of the NYLL class;

L.    Appoint Plaintiff's counsel as lead counsel for the NYLL Class;

M.    Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendant's violations of the NYLL and/or its regulations, and award those damages, according to proof, against Defendant and in favor of the Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

N.    Award Plaintiff and the NYLL Class damages for Defendant's violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

O.    Declare that Defendant's violations of the provisions of the NYLL were willful as to Plaintiff and the NYLL Class;

P.     Award Plaintiff and the NYLL Class an additional equal amount as liquidated damages pursuant to pursuant to NYLL § 663 and NYLL § 198(3), as applicable, because Defendant's violations were willful and/or without a good faith basis;

Q.     Award Plaintiff, the FLSA Collective and the NYLL Class injunctive relief to prevent future wage and hour violations;

R.     Award Plaintiff, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

S.     Provided that any amounts remain unpaid upon the expiration of ninety (90) days following issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen (15%) percent, as required by NYLL § 198(4); and

T.     Grant Plaintiff, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and on behalf of all other similarly situated persons, hereby demand a trial by jury on all issues of fact and damages that are triable by a jury.

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in in any way to Plaintiff and Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed

circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

**NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATIONS LAW § 630**

Defendant is hereby put on notice that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, it is hereby notified that Plaintiff, the FLSA Collective, and the NYLL Class intends to charge and hold personally, jointly and severally liable, the ten largest shareholders of Proud Moments Licensed Behavior Analysts, PLLC d/b/a Proud Moments ABA for all debts, wages, and/or salaries due and owing to Defendant's employees for services performed by them and Plaintiff has expressly authorized the undersigned, as her attorney, to make this demand on her behalf.


Dated: August 24, 2021
      New York, New York

             Respectfully submitted,

             **THE LEXICAL LAW FIRM**

             By: */s/ Julie Goggin, Esq.*

             Julie Goggin, Esq.
             26 Broadway, 8th Floor
             New York, NY 10004
             Telephone: (917) 579-1327
             Facsimile: (203) 442-1279
             jgoggin@lexicallawfirm.com

             and

**VALLES LAW, P.C.**

Daniel Valles, Esq.
(*Pro Hac Vice* Admission Pending)
1885 Pacific Avenue, Ste. 103
San Francisco, CA 94109
Telephone: (415) 234-0086
Facsimile: (510) 369-2075
dan@valles.law

Attorneys for Plaintiffs and the Proposed
FLSA Collective and NYLL Class

# EXHIBIT A



e: dan@valles.law
p: +1 (415) 234 - 0065
w: www.valles.law

August 18, 2021

**RE: CONSENT TO JOIN AS A PARTY PLAINTIFF**

To the Clerk of the Court,

I hereby consent to join the lawsuit entitled *Tzirel Malkin v. Proud Moments Licensed Behavior Analysts, PLLC* filed in the United States District Court for the Eastern District of New York as a party plaintiff.

Name:  Tzirel "Leah" Malkin

Legal Representative(s):  The Lexical Law Firm and Valles Law, P.C.

Signature: _Tzirel Malkin_

Date: August 18, 2021